**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-154-RLV-DSC**

| | |
|---|---|
| CLARENCE MICHAEL PITTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL A. MCCLANAHAN and | ) |
| MICHAEL LEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Notice of Motion and Motion to Show Cause and to Dismiss" (Doc. 11) filed on June 27, 2012 and the parties' associated briefs and exhibits. See Docs. 11, 12 and 13.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration.

On April 25, 2012, the Court issued a "Memorandum and Order" (Doc.10) granting Defendant's "Notice of Motion and Motion to Compel" (Doc. 8) and ordering Plaintiff to provide full and complete responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents. The Court also ordered Plaintiff to disclose his expert witnesses and produce any expert reports. The Court warned Plaintiff that "failure to provide full and complete responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents and to disclose his experts and produce reports from expert witnesses, failure to respond to any other of the Defendant's reasonable discovery requests, or to otherwise comply fully with any

of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include Plaintiff and/or his counsel being ordered to pay Defendants' costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint <u>with prejudice</u>**. " (Doc. 10 at 1-2).

On May 10, 2012, Plaintiff provided answers to Defendants' Interrogatories but did not provide full and complete responses to Defendants' First Requests for Productions of Documents. Plaintiff did not disclose his expert witnesses or produce any expert reports. On June 19 and 21, 2012, Plaintiff sent what purported to be responses to Defendants' Requests for Production of Documents, but Defendants contend that these responses are incomplete.

On June 27, 2012, Defendants filed their "Notice of Motion and Motion to Show Cause and to Dismiss" (Doc. 11) asserting that the Court should dismiss this action based on Plaintiff's willful failure to comply with discovery and the Court's Order (Doc. 10). Plaintiff's "Response to Defendant's Motion to Show Cause and Motion to Dismiss" was filed on July 16, 2012. Plaintiff's counsel states that he filed this action because of the impending statute of limitations, that he lacks experience litigating in federal court and that much of the information requested by Defendants was unavailable at the time. Counsel requests that the Court hold him in contempt for failing to meet discovery deadlines, impose a fine and order payment of attorney's fees. Counsel also asks the Court to deny the Motion to Dismiss and allow him time to retain co-counsel who is familiar with federal practice.

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to dismiss a case for failure to comply with a court order. Fed. R. Civ. P. 37 (b)(2). Rule 37(b)(2) provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[,] [which] may include . . . dismissing the action or

2

proceeding[.]" Fed. R. Civ. P. 37(b)(2)(v).  Before dismissing a case pursuant to Rule 37, courts in the Fourth Circuit are required to consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Mut. Fed. Sav. & Loan Assn v. Richards & Assoc., Inc., 872 F.3d 88, 92 (4th Cir. 1989).

The Court has carefully examined the record, the parties' arguments and the applicable authorities.  Applying the above legal principles, the Court finds that dismissal for failure to comply with a court order is not warranted here.  Plaintiff's counsel admits in the response that he is attempting to comply with the discovery requests and that his lack of federal practice has been a detriment to Plaintiff.  He represents that he will retain co-counsel familiar with federal practice. Therefore, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>denied</u>. Upon consideration of Plaintiff's response (Doc. 12), the undersigned recommends that Defendants' Motion to Show Cause be <u>denied</u>.

Notwithstanding Plaintiff's counsel's responses, the Court must deter noncompliance with the discovery process and its orders.  As stated by the Fourth Circuit, "not only does the noncomplying party jeopardize [the] adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." <u>Mut. Fed. Sav. & Loan Assn</u>, 872 F.2d at 92 (citing <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 643 (1976); <u>Wilson v. Volkswagen of America, Inc.</u>, 561 F.2d 494, 504 (4th Cir.1977)).  Consequently, the Court will impose sanctions against Plaintiff's counsel and <u>order</u> him to pay Defendants' attorney's fees incurred in preparing this Motion and the related briefs.  The Court also <u>orders</u> Plaintiff to provide full and complete responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents and to disclose

3

his experts and produce any reports from expert witnesses.

The Court warns Plaintiff and his counsel that failure to provide full and complete responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents and to disclose his experts and produce reports from expert witnesses, failure to respond to any other of the Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of more severe sanctions.  **Sanctions may include dismissal of the Complaint <u>with prejudice</u>**.

## ORDER

1. The Court **ORDERS** Plaintiff's counsel, J. Pressly Mattox, to pay Defendants their reasonable attorney's fees incurred in preparing this Motion and the related briefs.  Defendants' counsel shall promptly prepare and submit to the Court a detailed statements of the attorney's fees incurred in preparing this Motion and the related briefs.  After reviewing that statement, the Court will **AWARD** Defendants their reasonable attorneys' fees.

2. The Court **ORDERS** Plaintiff to provide <u>full and complete responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents and disclose his experts and produce any reports from expert witnesses within fourteen (14) days of the date of this Memorandum and Recommendation and Order.</u>

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Notice of Motion and Motion to Show Cause and to Dismiss" (Doc. 11) be **DENIED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Richard L. Voorhees</u>.

**SO ORDERED AND RECOMMENDED.**

Signed: July 26, 2012

_____
David S. Cayer
United States Magistrate Judge